**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHAD BIGGIN,**

        **Plaintiff,**

**-vs-**                                                   **Case No. 6:06-cv-104-Orl-19KRS**

**RLI INSURANCE COMPANY,**

        **Defendant.**

## ORDER

This case comes before the Court on the following:

1. Motion for Remand of Plaintiff Chad Biggin (Doc. No. 22, filed February 16, 2006);

2. Plaintiff's Memorandum of Law Filed in Support of Motion for Remand (Doc. No. 23, filed February 16, 2006);

3. Plaintiff's Motion for Remand (Doc. No. 26, filed February 17, 2006);

4. Plaintiff's Memorandum of Law Filed in Support of Motion for Remand[1] (Doc. No. 26, filed February 17, 2006); and

5. Response to Plaintiff's Motion for Remand of Defendant RLI Insurance Company (Doc. No. 35, filed February 24, 2006).

---

[1] In this case, counsel for Plaintiff filed duplicative motions for remand, as the Court can find no substantive difference between Document Numbers 22, 23 (Plaintiff's first motion and memorandum) and 26, 27 (Plaintiff's second motion and memorandum). It appears that these documents differ only by the signature block of additional counsel for Plaintiff and to the citation of authority. (*Compare* Doc. No. 23, pp. 3,9 *with* Doc. No. 27, pp. 3, 9-10). The Court strongly discourages counsel from submitting duplicative filings. For simplicity, every reference in this Order refers to Plaintiff's Motion for Remand is to Document Number 26 and 27.

**Background of the Case**

On December 21, 2005, Plaintiff Chad Biggin filed a three-count Complaint against Defendant RLI Insurance Company in the Eighteenth Judicial Circuit Court in and for Brevard County, Florida. (Doc. No. 1, filed January 24, 2006). The Complaint avers that Plaintiff was a party to another state court proceeding (the "underlying proceeding") against Jonas Nance for injuries sustained while Plaintiff attempted to arrest Jonas. (Doc. No. 2, filed January 24, 2006, ¶¶ 7-8). In due course, the parties settled the underlying proceedings, and the state court entered a final judgment against Jonas Nance for damages in the amount of one million dollars. (*Id.* at ¶¶ 14-15). The settlement agreement, which was approved by the state court, assigned to Plaintiff all of Jonas Nance's legal rights, remedies, claims and chooses of action that arose from the underlying proceedings, including amounts due to Jonas under the terms of a personal umbrella liability insurance policy issued by Defendant to Jonas' parents. (*Id.* at ¶¶ 5-6, 17, 18). Plaintiff then brought this action against Defendant for a declaration of his rights under the subject insurance policy, for breach of contract, and for unfair claim settlement practices in violation of Section 626.9541(1)(i)(3)(c), Florida Statutes. (*Id.* at ¶¶ 29-31, 34-37, 42-47).

Defendant timely removed this action to federal court on January 24, 2006, based on the presence of diversity jurisdiction under Title 28 U.S.C. § 1332. (*Id.* at ¶¶ 1-4). In his motion, Plaintiff contests this court's diversity jurisdiction. (Doc. No. 27, pp. 4-8).

**Motion for Remand**

In this case, the complaint alleges that Plaintiff is a Florida resident seeking damages in excess of $75,000. (Doc. No. 2, ¶¶ 2, 31, 39, 49). As the party bearing the burden of demonstrating jurisdiction, Defendant offers the affidavit testimony of Andrea Dean to establish that it is an Illinois

corporation with a principle place of business in Illinois. (Doc. No. 6, ¶ 5). Therefore, as the requirements for diversity jurisdiction have otherwise been met, the controversy over the court's jurisdiction turns on a single issue of law: Whether this case is a "direct action" within the meaning of Title 28 U.S.C. § 1332(c)(1). (*See* Doc. No. 27; Doc. No. 35). As discussed below, it is not, and Defendant's Notice of Removal properly asserted this court's diversity jurisdiction.

The federal diversity jurisdiction statute provides:

**§ 1332.  Diversity of citizenship; amount in controversy; costs**

**(a)**  The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

**(1)**  citizens of different States;

. . . .

For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled.

. . . .

**(c)**  For the purposes of this section and section 1441 of this title—

(1) a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business, *except that in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of the State of which the insured is a citizen*, as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business; and

. . . .

28 U.S.C. § 1332 (emphasis added). As can be drawn from the proviso emphasized above, Section 1332(c)(1) treats liability carriers as if they were citizens of the same state as their insured in "direct actions" by third parties against those carriers. *Id.*

The contention in this case arises from the ambiguity inherent in the use of the term "direct action" by the statute. More broadly, a direct action is a "lawsuit by an insured against his or her own insurance company rather that against the tortfeasor and the tortfeasor's insurer." Black's Law Dictionary 472 (7th ed. 1999). The Eleventh Circuit recognized this broad definition when it held that, "where the suit brought either by the insured or by an injured third party is based not on the primary liability covered by the liability insurance policy but on the insurer's failure to settle within policy limits or in good faith, the section 1332(c) direct action proviso does not preclude diversity jurisdiction." *Fortson v. St. Paul Fire & Marine Ins. Co.*, 751 F.2d 1157, 1159 (11th Cir. 1985); *see also Broyles v. Bayless*, 878 F.2d 1400, 1404 n.1 (11th Cir. 1989) ("[A] direct action is any action in which the insurance company is being sued for its own acts or omissions.").

A direct action arises in a narrower sense, however, where "the liability sought to be imposed could be imposed against the insured." *Id.* Several states use the term in this way to permit an injured party to sue an insurance company for payment of a claim without joining the insured. *Broyles*, 878 F.2d at 1404 n.1. That is, those states have provided an injured party "a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor." *Lumberman's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 51 (1954). Section 1332(c) uses the term in this narrower sense. 751 F.2d at 1159; 878 F.2d at 1404 n.1.

With this in mind, it is apparent that the three claims asserted by Plaintiff in the complaint are not direct actions. In Count I, Plaintiff seeks a declaration of his rights under the insurance

policy, and in Count II he seeks damages for Defendant's breach of contract for allegedly failing to defend and indemnify its insured under the insurance policy. (Doc. No. 2, ¶¶ 28-40). Both of these claims are derived from the legal rights and remedies allegedly owed to Jonas Nance by Defendant, (*id.* at ¶¶ 30, 37), and neither claim can be construed to be "a separate and distinct cause of action against the insurer which an injured party may elect in lieu of his action against the tortfeasor." *Lumberman's Mut. Cas. Co. v. Elbert*, 348 U.S. 48, 51 (1954). Moreover, and as noted above, the Eleventh Circuit has held that bad faith claims such as the one asserted in Count III of the Complaint are not "direct actions" within the meaning of Section 1332(c). *Fortson*, 751 F.2d at 1159.

Therefore, Defendant has demonstrated that the requirements of Section 1332 are satisfied.

**Conclusion**

Based on the foregoing, the Court **DENIES** Plaintiff's Motion for Remand.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on February _27___, 2006.

*[signature]*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record